IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>MARCOS DE LA TORRE,<br><br>      Defendant. | 8:16CR115<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on the Findings and Recommendation (Filing No. 40), issued by Magistrate Judge F.A. Gossett recommending that the Motion to Suppress filed by the Defendant Marcos De La Torre ("Defendant") (Filing No. 24), be denied.  Defendant filed Objections to the Findings and Recommendation (Filing No. 42) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government has not responded to the Objections.  For the reasons set forth below, the Findings and Recommendation will be adopted, the Objection will be overruled, and the Motion to Suppress will be denied.

## BACKGROUND

  Defendant is charged in a four count Indictment (Filing No. 1) with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count I); possession with intent to distribute 5 grams or more of methamphetamine (Count II); distribution of methamphetamine (Count III); and possession with intent to distribute 50 grams or more of methamphetamine (Count IV).  Defendant moves to suppress any and all evidence found on July 1, 2015,

at Neo's Auto Repair & Collision at 4016 Hamilton Street, Omaha, Nebraska 68131("4016 Hamilton"), pursuant to a search warrant.

The Magistrate Judge made his substantive findings and recommendations on the record after the evidentiary hearing on Defendant's Motion to Suppress.  The Magistrate Judge limited his review of the Motion to whether the search warrant was valid under the four-corners of the affidavit supporting the application for the search warrant.  (*See* Transcript of Evidentiary Hearing, Filing No. 41 ("Tr."), at 7.)   At the evidentiary hearing, the Magistrate Judge received Government Exhibit 1 ("GE 1").  The Government's attorney represented to the Magistrate Judge that the evidence it would introduce would include a certified copy of the search warrant, underlying affidavit, return, and any related documents.  (Tr. 5.)  The Magistrate Judge received GE 1 for purposes of the Motion to Suppress.  (Tr. 8.)

The GE 1 received for purposes of the Court's de novo review does not include the Application for a Search Warrant and its supporting affidavit (the "Affidavit"). However, because the Magistrate Judge approved the Affidavit and signed the search warrant, the Court was able to locate the Affidavit in the CM/ECF system in *USA v. Neo's Auto Repair and Collision*, Case No. 8:15-mj-169, Filing No. 1.  It is clear that both parties had access to and reviewed the Affidavit, and the Magistrate Judge based his Findings and Recommendation on the allegations contained therein.  Thus, the Court will consider the Affidavit as part of the record on review despite not being included in GE 1.  *See United States v. Hayden*, 759 F.3d 842, 846 (8th Cir.), *cert. denied,* 135 S. Ct. 691 (2014) ("[T]he district court has discretion to receive new

2

evidence without any special justification while conducting *de novo* review of a magistrate judge's report and recommendation.").

On the day before the evidentiary hearing, Defendant filed a Motion to Continue the Suppression Hearing (Filing No. 30), a Motion for Leave to Amend the Motion to Suppress (Filing No. 31), a Motion to Amend Motion to Suppress (Filing No. 32) and a Motion to File Under Seal (Filing No. 33). In his Motions to Amend, Defendant sought a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978) (a "*Franks* hearing"), asserting that certain evidence was falsely or recklessly omitted from the Affidavit. At the evidentiary hearing, the Magistrate Judge denied all but the Motion to File Under Seal. The Magistrate Judge reasoned that the request for a *Franks* hearing was not timely, and there was no good cause shown as to why the request could not have been made on a timely basis. (Tr. 7.) The Magistrate Judge thus limited his review to the sufficiency of the Affidavit and concluded that it was supported by probable cause. (Tr. 11.) The Magistrate Judge also concluded that even if it was not supported by probable cause, it was covered by the good faith exception to the exclusionary rule.

## STANDARDS OF REVIEW

This case involves both an appeal of the Magistrate Judge's order on nondispositive issues and an objection to the Magistrate Judge's Findings and Recommendation.

Defendant's arguments regarding the Magistrate Judge's denial of the nondispositive motions are appeals of a magistrate order as permitted by 28 U.S.C. § 636(b)(1)(A), and are governed by that subsection's standard of review. "A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it

3

has been shown that the ruling is clearly erroneous or contrary to law." *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A).

Defendant's objections to the Magistrate Judge's Findings and Recommendation are governed by 28 U.S.C. § 636(b)(1)(C).  Under § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which a Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## DISCUSSION

**I.      Denial of Motions to Amend and Request for a *Franks* Hearing**

Counsel for Defendant acknowledges that that the request for a *Franks* hearing was not timely, but asserts that Counsel's error in failing to make a timely request does not diminish the importance of the omitted information.  The Court reviews "the denial of a request for a *Franks* hearing for abuse of discretion." *United States v. Jansen*, 470 F.3d 762, 766 (8th Cir. 2006).  There is no dispute that the request for a *Franks* hearing was untimely, nor is there any dispute that the evidence that is the subject of the requested *Franks* hearing was available to the Defendant before the deadline. Defendant's Counsel admits that he did not believe the evidence was sufficient to meet the preliminary burden for a *Franks* hearing.  Nevertheless, Defendant asserts that a more thorough review changed Counsel for Defendant's mind and necessitated the untimely motion.

This argument fails to show good cause, let alone any abuse of discretion. Defendant has not provided any reason why the information giving rise to the request

for the *Franks* hearing was unavailable prior to the pretrial motion deadline. The record demonstrates that Defendant was granted an extension of time to consider the evidence and file any pretrial motions. (Filing No. 23.) There is no allegation or evidence that the Defendant became aware of the potential *Franks* issue after the deadline had passed. Thus, the Defendant had both the time and information necessary to request a *Franks* hearing, but failed to do so. The Magistrate Judge concluded that Defendant failed to show good cause as to why the untimely request for a *Franks* hearing should be granted. Based upon the record in this case, this conclusion is neither clearly erroneous or contrary to law.

## II.   Issuance of the Warrant

The Fourth Amendment demands that people shall "be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, . . . and no Warrants shall issue, but upon probable cause. . . ." U.S. Const., amend. IV. Defendant objects to the Findings and Recommendation arguing that his Fourth Amendment rights were violated because the Affidavit supporting the application for the search warrant failed to establish probable cause. He also contends that the good faith exception was not applicable to execution of the search warrant and, as a result, the search was subject to the exclusionary rule. The Court addresses each argument in turn.

### A.   Probable Cause

Before a search warrant may be issued, the Fourth Amendment requires a showing of probable cause. *United States v. Williams*, 477 F.3d 554, 557 (8th Cir. 2007). "Probable cause" is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In

determining whether probable cause exists, a court must look at the totality of the circumstances. *See id.* at 230, 234. This determination is to be "based upon a common-sense reading of the entire affidavit," *United States v. Seidel*, 677 F.3d 334, 338 (8th Cir. 2012) (quoting *United States v. Sumpter*, 669 F.2d 1215, 1218 (8th Cir.1982)), and any "reasonable inferences" drawn from the affidavit. *United States v. Wallace*, 550 F.3d 729, 732 (8th Cir. 2008). The assessment of probable cause is made "from the viewpoint of a reasonably prudent police officer acting in the circumstances of the . . . case." *Seidel*, 677 F.3d at 337 (citing *United States v. Reinholz*, 245 F.3d 765, 776 (8th Cir. 2001)).

"The Supreme Court has recognized that, because of the Constitution's 'strong preference for searches conducted pursuant to a warrant,' an issuing judge's determination of probable cause should be paid great deference by reviewing courts.'" *United States v. Wright*, 145 F.3d 972, 974 (8th Cir. 1998) (quoting *Illinois v. Gates,* 462 U.S. 213, 236 (1983)); *see also United States v. Stults*, 575 F.3d 834, 843 (8th Cir. 2009) (stating that whether a search warrant is supported by probable cause is determined by the totality of circumstances; resolution of the question by an issuing judge should be paid great deference by reviewing courts). "[T]he probable cause determination must be based upon only that information which is found within the four corners of the affidavit." *Stults*, 575 F.3d at 843; *United States v. Olvey*, 437 F.3d 804, 807 (8th Cir. 2006).

The Magistrate Judge did not state on the record his specific reasoning for a finding of probable cause, but the Court's de novo review shows that probable cause supported the issuance of the Warrant. In the Affidavit, Special Agent Matthew Kessler

6

("SA Kessler") testified that before commencing a consent search on Defendant's residence, but after making contact with Defendant by telephone to obtain consent, surveillance observed a blue four-door sedan traveling at a high rate of speed and then parking on the south side of 4016 Hamilton. The driver, identified as Miguel Diaz-Huizar ("Diaz-Huizar"), exited the sedan and entered the south door of 4016 Hamilton. When he entered 4016 Hamilton, Diaz-Huizar was observed carrying only keys. According to the Affidavit, approximately one minute later, surveillance observed Diaz-Huizar exit 4016 Hamilton through the south door carrying a cube shaped object in his left arm, before entering the sedan. Surveillance officers observed the vehicle make a high speed u-turn and drive east-bound on Hamilton from 4016 Hamilton. The Affidavit states that after validly stopping the sedan, officers deployed a K-9 who alerted on the passenger side of the sedan. Based on the alert, officers performed a search of the vehicle and located a plastic container packaged inside a gray plastic bag all packaged inside a brown paper bag. Officers observed a crystalline substance inside the plastic container and a digital scale inside the brown paper bag. The crystalline substance field tested positive for methamphetamine.

      Under the totality of the circumstances, the Court concludes the Affidavit was sufficient to support a finding of probable cause to search 4016 Hamilton. Defendant argues that there was no nexus between the controlled substances recovered and 4016 Hamilton because the Affidavit stated that the driver of the vehicle exited 4016 Hamilton with a cube-shaped object and the drugs were eventually found in a brown paper bag. However, this argument does not defeat a finding of probable cause. The Affidavit identified Defendant as a known, multi-ounce methamphetamine dealer. Minutes after

officers obtained consent from Defendant to search his home, officers observed Diaz-Huizar hurriedly enter 4016 Hamilton and then leave carrying an object. The timing of these sequential events and the subsequent discovery of methamphetamine, under the totality of the circumstances, establish sufficient probable cause for issuance of a warrant. Accordingly, the Magistrate Judge's recommendation will be adopted.

### B. Leon Good Faith

Even where probable cause is lacking, an exception to the exclusionary rule applies where officers rely on a warrant in good faith. *United States v. Hessman,* 369 F.3d 1016, 1019 (8th Cir. 2004). In *United States v. Leon,* 468 U.S. 897 (1984), the Supreme Court curtailed the use of the exclusionary rule as a remedy for unconstitutional searches, and noted that the stated purpose of the exclusionary rule is "to deter *police* misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916 (emphasis in original). "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Id. at* 920.

There is no allegation that the issuing judge wholly abandoned a detached and neutral role. Nor is there evidence that law enforcement officers were dishonest or misleading in preparing the Affidavit. Defendant essentially argues that purposeful omissions render the Affidavit dishonest and misleading. However, there is no evidence of any purposeful omissions nor is there any indication that the information supplied to the Magistrate Judge was false or incorrect. Accordingly, the Magistrate Judge's

conclusion that the officers reasonably relied on the Affidavit is not erroneous and the Affidavit and subsequent warrant would fall under the *Leon* good faith exception.

## CONCLUSION

For the reasons discussed, the Findings and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1. The Findings and Recommendation (Filing No. 40), and the oral Findings and Recommendation following the evidentiary hearing (transcript at Filing No. 41), are adopted;

2. The Motion to Suppress (Filing No. 24) filed by Defendant Marcos De La Torre is denied; and

3. The Defendant's Objection to the Findings and Recommendation (Filing No. 42) is overruled.

Dated this 24th day of August, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge