# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:16CR115** |
| **vs.** | |
| **MARCOS DE LA TORRE,** | **MEMORANDUM AND ORDER** |
| **Defendants.** | |

This matter is before the Court on the Motion to Dismiss Criminal Case (ECF No. 57) filed by Defendant Marcos De La Torre ("Defendant"). Defendant argues that the Court erred in granting the Government's Motion to Continue Trial (ECF No. 46) and in excluding the delay from the Speedy Trial Act (the "Act") 18 U.S.C. § 3161. Specifically, Defendant argues that had the time resulting from the continuance not been excluded from Defendant's Speedy Trial calculation, more than 70 days would have elapsed since Defendant's first appearance, in violation of § 3161(c)(1).

The Court concludes that the delay resulting from the continuance served the ends of justice, thus, the time was properly excluded from the speedy trial clock. *See* § 3161(h)(7)(A). Nevertheless, as discussed below, even if the delay resulting from the continuance had not been excluded, 70 days will not have elapsed since Defendant's first appearance, taking into account other excludable periods under the Act.

In general, the Government must bring a defendant to trial within 70 days after filing the Indictment or Information, or the date the defendant first appears with counsel before a judicial officer in the district in which the indictment has been filed, whichever is later. 18 U.S.C. §3161(c)(1). The Defendant was indicted on March 22, 2016. (ECF No.

1.) His initial appearance with counsel and arraignment was held on April 6, 2016. (ECF No. 13.) Defendant admits that the speedy trial clock would have begun, at the earliest, on April 6, 2016.  However, at Defendant's initial appearance, the Government moved to detain Defendant and Defendant challenged detention. (*See* ECF Nos. 12, 13.)  A detention hearing was held on April 21, 2016, and a Detention Order was issued the same day. (ECF Nos. 18, 21.) The time between the initial appearance and the Detention Order was therefore excludable under § 3161(h)(1)(H). Thus, the speedy trial clock began to run on April 22, 2016.

 The Defendant filed a Motion to Extend Pretrial Motion Deadline on April 26, 2016, which extended the deadline to May 17, 2016. (ECF No. 22.) Defendant acknowledged that time granted would be excluded from calculation under the Act. (ECF No. 22 at 1.) Thus, as of May 17, 2016, only four days had run on the speedy trial calculation under the Act.

On May 17, 2016, Defendant filed a Motion to Suppress. (ECF No. 24.) The Defendant timely objected to the Magistrate's Findings and Recommendations denying the motion. The Court overruled the Defendant's objection on August 24, 2016. (ECF. No. 44.). The time between May 17, 2016, and August 24, 2016, while Defendant's Motion to Suppress was under advisement is excludable under § 3161(h)(1)(H).

On August 25, 2016, the Court issued a Trial Order scheduling trial for September 27, 2016. (ECF No. 45.) The Government filed a Motion to Continue Trial on September 1, 2016. (ECF No. 46.) The Defendant filed an objection to the Government's Motion to Continue on the same day. (ECF No. 47.) On the day the Government filed its Motion to continue, an additional 7 days—from August 25, 2016,

2

until September 1, 2016—ran on the speedy trial clock. Thus, in addition to the 4 days that ran in April 2016, 11 non-excludable days had run when the Government filed its Motion to Continue.

On September 6, 2016, the Court granted the Government's Motion to Continue and rescheduled Trial for October 25, 2016. (ECF No. 48.) The time between September 1, 2016, the date the Motion and Objection were filed, and September 6, 2016, was excludable under § 3161(h)(1)(H). Thus, the speedy trial clock began to run again on September 7, 2016.

Defendant argues that the speedy trial clock should have continued to run through the date of trial. However, on September 15, 2016, the Government filed a Motion for Conflict Hearing. (ECF No. 49.) Defendant responded to the Motion for Conflict Hearing and the Court ruled on the Motion on September 22, 2016. (ECF Nos. 54, 55.) Thus, even if the clock should have run from September 7, 2016, until the date of trial, the period from September 15, 2016, through September 22, 2016, was excludable under § 3161(h)(1)(H). From the time the clock began on September 7, 2016, until the Government filed its Motion for Conflict Hearing, an additional 8 days ran. Thus, a total of 19 non-excludable days had run.

Even if the speedy trial clock began to run again on September 23, 2016, an additional 32 days will have run before commencement of trial. Thus, at most, a total of 51 non-excludable days will have run before October 25, 2016, the scheduled date of trial. Even if the delay resulting from the continuance was non-excludable delay, Defendant's rights under the Act will not have been violated.

3

Accordingly,

IT IS ORDERED: the Motion to Dismiss Criminal Case (ECF No. 57), filed by Defendant Marcos De La Torre, is denied.

Dated this 19th day of October, 2016.

BY THE COURT:


s/Laurie Smith Camp
Chief United States District Judge