IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>MARCOS DE LA TORRE,<br><br>    Defendants. | 8:16CR115<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Judgment of Acquittal or New Trial, ECF No. 88, filed by Defendant Marcos De La Torre ("Defendant"). Defendant argues that no reasonable trier of fact could have found the essential elements of the crimes proved beyond a reasonable doubt. He also argues that the Court erred in admitting into evidence certain photos of text messages, and a day-planner, which the Defendant asserts contained inadmissible hearsay.

## STANDARD OF REVIEW

Under Fed. R. Crim. P. 29(a), the district court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." "A district court must consider a motion for judgment of acquittal with very limited latitude and must neither assess the witnesses' credibility nor weigh the evidence." *United States v. Johnson*, 474 F.3d 1044, 1048 (8th Cir. 2007). A guilty verdict should be overturned only if, viewing the evidence most favorably to the prosecution, "'no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Sanchez*, 789 F.3d 827, 834 (8th Cir. 2015) (quoting *United States v. Slagg*, 651 F.3d 832, 839 (8th Cir.2011)). "Like the district court, [the Court of Appeals]

view[s] the evidence in the light most favorable to the guilty verdict, and grant[s] all reasonable inferences that are supported by that evidence." *United States v. Dean*, 810 F.3d 521, 527 (8th Cir. 2015).

Under Fed. R. Crim. P. 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Motions for new trial are generally disfavored, and a court must exercise such authority "'sparingly and with caution.'" *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). "The jury's verdict must be allowed to stand unless 'the evidence weighs heavily enough against the verdict [such] that a miscarriage of justice may have occurred.'" *United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007) (alteration in original) (quoting *United States v. Lacy*, 219 F.3d 779, 783 (8th Cir. 2000)).

## DISCUSSION

On October 28, 2016, following a four-day jury trial, the Defendant was found guilty of Counts I, II, and IV of the Indictment, all drug trafficking offenses involving methamphetamine. The Defendant challenges the credibility of three cooperating witnesses who testified as to facts related to each Count. Defense counsel brought to the attention of the jury certain discrepancies in the witnesses' testimony, and motives the witnesses might have for providing false testimony. Nonetheless, each of the cooperating witnesses' testimony was corroborated by other evidence, and the jury weighed the credibility of the witnesses and found them to be credible. Having heard the testimony of the cooperating witnesses, and having viewed the other evidence presented, this Court concludes that the verdict rendered by the jurors was reasonable.

With regard to the photos of text messages, and the day-planner, the Court considered defense counsel's objections at the time of trial and determined that the items were admissible pursuant to Fed. R. Evid. 801(d)(2)(e) as statements made by the Defendant's coconspirator during and in furtherance of the conspiracy. *See United States v. Bell*, 573 F.2d 1040 (8th Cir. 1978). The Defendant now cites to *United States v. Mims*, 92 F.3d 461, 465 (7th Cir. 1996) for the proposition that a buyer-seller relationship does not necessarily equate to a conspiracy.

The *Mims* decision did not concern Rule 801(d)(2)(e), but the question of whether the district court should have instructed the jury that a buyer-seller relationship between drug dealers is not conclusive proof of a conspiracy, "although it certainly may be strong evidence of a conspiracy." *Id.* at 463. With respect to a court's determination of the admissibility of evidence, "[i]t is not necessary . . . that a defendant's complicity in a conspiracy be proved beyond a reasonable doubt for a statement to be admissible under Fed. R. Evid. 801(d)(2)(E)." *Bell*, 573 F.2d at 1044. "The ordinary civil standard of preponderance of the evidence is sufficient since the district court is ruling on admissibility rather than ultimate guilt." *Id.*

The Court is not persuaded that its ruling on the admissibility of the text messages and daily planner was erroneous.

Accordingly,

IT IS ORDERED:

The Defendant's Motion for Judgment of Acquittal or New Trial, ECF No. 88, submitted by Defendant Marcos De La Torre is denied.

Dated this 4th day of January, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge