## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:16CR115 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| MARCOS DE LA TORRE, | |
| Defendant. | |

This matter is before the Court on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 128.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

### BACKGROUND

The Defendant Marcos De La Torre was found guilty of Counts I, II and IV of the Indictment, following a jury trial. On January 30, 2017, he was sentenced to a term of 121 months on Count I (conspiracy to distribute 500 grams or more of methamphetamine), Count II (distribution of five grams or more of actual methamphetamine), and Count IV (distribution or possession with intent to distribute 50 grams or more of actual methamphetamine), grouped and running concurrently, followed by five years of supervised release on each count, also to run concurrently.

The Defendant appealed, and this Court's Judgment was affirmed. The mandate from the U.S. Court of Appeals for the Eighth Circuit was issued on November 13, 2018. The Defendant filed his § 2255 Motion on August 16, 2019, raising three claims of ineffective assistance of counsel. His § 2255 Motion is timely, and it is his first such motion.

## DISCUSSION

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012).

First, the Defendant asserts that his counsel was ineffective for failing to make a timely motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in connection with the motion to suppress evidence seized at the Defendant's place of business which he shared with another business enterprise. The record demonstrates that on June 15, 2016, the Defendant's counsel attempted to continue the suppression hearing and amend the motion to suppress to include a request for a *Franks* hearing, ECF Nos. 31-34, and the Magistrate Judge denied the motions on June 16, 2016,

2

finding that counsel had not shown good cause why a motion for a *Franks* hearing could not have been timely filed. See ECF No. 41, Page ID 86. The Magistrate Judge submitted his Findings and Recommendation to this Court regarding the motion to suppress, and this Court considered the Defendant's objections, including objections to the Magistrate Judge's rulings on the *Franks* issue. This Court found the Magistrate Judge's rulings on the *Franks* issue were neither clearly erroneous nor contrary to law. ECF No. 44 at Page ID 102. On appeal after sentencing, the Eighth Circuit upheld this Court's rulings on the Defendant's motion to suppress, *United States v. Marcos De La Torre,* 907 F.3d 581, 589 (8th Cir. 2018), and denied, without prejudice, the Defendant's claims of ineffective assistance of counsel, including his *Franks* claim. *Id.* at 594-95. Thus, the Government will be required to respond to the Defendant's First Ground for Relief.

Second, the Defendant asserts that his counsel was ineffective for failing to review records, interview witnesses, and prepare for trial. Specifically, he asserts that more thorough trial preparation would have led to the discrediting of the Government's witnesses, Tammy Gall, Ryan Slavicek, and Miguel Diaz. The Defendant does not specify what information his counsel should have discovered through due diligence or how such information would have discredited the witnesses. Because the assertions in Ground Two of the Defendant's § 2255 Motion are vague and speculative, and not susceptible to any response from the Government, the claims in the Defendant's Second Ground for Relief will be summarily dismissed.

Third, the Defendant asserts that his counsel was ineffective at trial for failing to object to leading questions, failing to raise foundational objections, failing to raise

3

objections as to relevance, and failing to conduct thorough cross-examinations of the Government's witnesses. The only specific examples provided by the Defendant are his counsel's failure to object when a law enforcement officer testified that the Defendant's business was located in an area that was "a hotbed of drug activity," and his counsel's failure to cross-examine witness Ryan Slavicek regarding why he had over $2,900.00 in his possession when his car was stopped and he was found in possession of drugs. The Defendant's assertions do not demonstrate that his counsel performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. Neither do the Defendant's assertions lead to any inference that there is a reasonable probability the result of the proceedings would have been different, but for counsel's alleged deficiency. The Government will not be required to respond to the Defendant's Third Ground for Relief, and it will be summarily dismissed.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's correspondence construed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF 128;

2. The Government will be required to respond to the Defendant's First Ground for Relief on or before September 27, 2019, with a brief and any evidentiary submissions and/or a request for evidentiary hearing;

3. The Defendant's Second and Third Grounds for Relief are summarily dismissed; and

4.      The Clerk is directed to mail a copy of this Judgment to the Defendant at his last known address.

Dated this 5th day of September 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge