# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARCOS DE LA TORRE,<br><br>Defendant. | 8:16CR115<br><br>AMENDED<br><br>MEMORANDUM AND ORDER |

This matter is before the Court once again on the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (§ 2255 Motion), ECF No. 128. This Amended Memorandum and Order amends the previously issued Memorandum and Order, ECF No. 135, in which the Court stated that "[t]he Defendant has not filed any reply nor has he requested any evidentiary hearing." ECF No. 135 at Page ID 1239. The Court received Defendant's Reply to the Government's Response to Defendant's Motion Under 28 U.S.C. § 2255, ECF No. 134, on November 26, 2019. Defendant's Reply appears to be timely, based upon Rule 3(d) of the Rules Governing Section 2255 Proceedings.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## BACKGROUND

The Defendant Marcos De La Torre was found guilty of Counts I, II and IV of the Indictment, following a jury trial.  On January 30, 2017, he was sentenced to a term of 121 months on Count I (conspiracy to distribute 500 grams or more of methamphetamine), Count II (distribution of five grams or more of actual methamphetamine), and Count IV (distribution or possession with intent to distribute 50 grams or more of actual methamphetamine), grouped and running concurrently, followed by five years of supervised release on each count, also to run concurrently.

The Defendant appealed, and this Court's Judgment was affirmed.  The mandate from the U.S. Court of Appeals for the Eighth Circuit was issued on November 13, 2018.  The Defendant filed his § 2255 Motion on August 16, 2019, raising three claims of ineffective assistance of counsel.  His § 2255 Motion was timely, and it was his first such motion.  The Court summarily denied two of the Defendant's claims in its Memorandum and Order of September 5, 2019, ECF No. 129, and required the Government to respond to one of the claims.  The Government filed its response and index of exhibits on September 27, 2019, ECF Nos. 130 and 131.  The Court gave the Defendant until November 22, 2019, to submit any reply to the Government's response and index of evidence, and to make any request for an evidentiary hearing, specifying each issue of material fact to be addressed at such hearing.  The Court received Defendant's Reply and request for an evidentiary hearing on November 26, 2019.  It appears, however, that Defendant placed the Reply in the institution's internal mailing system on November 18, 2019, and therefore the Reply is deemed timely filed under Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Nevertheless,

the Court will deny Defendant's request for an evidentiary hearing and will deny Defendant's § 2255 Motion.

**DISCUSSION**

"A § 2255 petitioner is entitled to an evidentiary hearing '[u]nless the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief.'" *Dat v. United States*, 920 F.3d 1192, 1193–94 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(b)). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Id.* at 1194 (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)). Even accepting Defendant's allegations as true, the record shows he is not entitled to relief.

To establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) (citing *Strickland*, 466 U.S. at 694).

3

The Defendant's remaining claim is his assertion that his counsel was ineffective for failing to make a timely motion for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), in connection with the motion to suppress evidence seized at the Defendant's place of business which he shared with another business enterprise. The record demonstrates that on June 15, 2016, the Defendant's counsel attempted to continue the suppression hearing and amend the motion to suppress to include a request for a *Franks* hearing, ECF Nos. 31-34, and the Magistrate Judge denied the motions on June 16, 2016, finding that counsel had not shown good cause why a motion for a *Franks* hearing could not have been timely filed. *See* ECF No. 41, Page ID 86. The Magistrate Judge submitted his Findings and Recommendation to this Court regarding the motion to suppress, and this Court considered the Defendant's objections, including objections to the Magistrate Judge's rulings on the *Franks* issue. This Court found the Magistrate Judge's rulings on the *Franks* issue were neither clearly erroneous nor contrary to law. ECF No. 44 at Page ID 102. On appeal after sentencing, the Eighth Circuit upheld this Court's rulings on the Defendant's motion to suppress, *United States v. Marcos De La Torre,* 907 F.3d 581, 589 (8th Cir. 2018), and denied, without prejudice, the Defendant's claims of ineffective assistance of counsel, including his *Franks* claim. *Id.* at 594-95.

Assuming counsel's failure to file a timely motion for a *Franks* hearing satisfies the performance prong of the *Strickland* test, the Defendant nonetheless has failed to demonstrate that he suffered any prejudice as a result of such failure. First, the Defendant does not contend that any information contained in the Affidavit submitted in support of the Application for Search Warrant, ECF No. 131-1, was false. Instead, he contends that the Affidavit should have stated that no contraband was found at his home pursuant to a

4

search on July 1, 2015, and that the business premises to be searched contained two separate business operations; and should have specified which business within the premises was to be searched. This Court cannot infer that any such omissions were deliberate or reckless, nor that the warrant would have been denied or worded in a substantially different manner but for such omissions. See *Franks,* 483 U.S. at 155-56. Second, as explained in this Court's Order of August 24, 2016, ECF No. 44, the probable cause for issuance of the warrant in question was ample. "Omissions of facts in a supporting affidavit do not constitute misrepresentations unless they cast doubt on the existence of probable cause." *United States v. Butler*, 594 F.3d 955, 961 (8th Cir. 2010) (citing *United States v. Parker*, 836 F.2d 1080, 1083 (8th Cir. 1987)). Third, no evidence seized as a result of the search was offered or received into evidence at trial.[1] Accordingly, the Defendant has not demonstrated a reasonable probability that the verdict would have been different if his counsel had filed a timely motion for a *Franks* hearing. *See Williams v. Locke*, 403 F.3d 1022, 1026 (8th Cir. 2005) (a defendant arguing ineffective assistance of counsel due to counsel's failure to litigate a Fourth Amendment challenge must "demonstrate 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'") quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986))).

A petitioner under § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial

---

[1] Photographs of a penetration in a wall behind a refrigerator at the business premises were received in evidence, and the defense had the opportunity to argue that the premises were not occupied exclusively by his business.

showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. For the reasons set out in this Amended Memorandum and Order and in the Court's Memorandum and Order of September 5, 2019, ECF No. 129, the Defendant's correspondence construed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"), ECF No. 128, is denied;

2. Defendant's request for an evidentiary hearing is denied;

3. No certificate of appealability will be issued;

4. A separate Amended Judgment will be entered; and

5. The Clerk is directed to mail a copy of this Amended Memorandum and Order to the Defendant at his last known address.

Dated this 2nd day of December 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge